**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMAS MIGUEL CRUZ-BRAVO, | No. 07-75101 |
| Petitioner, | Agency No. A090-335-533 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:      RYMER, THOMAS, and PAEZ, Circuit Judges.

Tomas Miguel Cruz-Bravo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. We have jurisdiction under

8 U.S.C. § 1252. We review de novo questions of law and constitutional claims.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review.

Cruz-Bravo does not challenge the agency's determinations that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1991 conviction for second degree rape in violation of Oregon Revised Statutes § 163.365 and ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. We therefore need not address the agency's alternative holding denying his application for section 212(c) relief as a matter of discretion.

Because Cruz-Bravo is removable by reason of having committed an aggravated felony, we lack jurisdiction to review his remaining contentions except to the extent they may be construed as "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(C), (D).

Construed as due process challenges, Cruz-Bravo's remaining contentions are unavailing. While the BIA is "not free to ignore arguments raised by a petitioner," *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005), we are unpersuaded in this specific instance by Cruz-Bravo's contention that the BIA's failure to directly address his suggestion that it summarily dismiss the government's appeal rises to the level of due process error. *See Colmenar v. INS*,

210 F.3d 967, 971 (9th Cir. 2000) (requiring a showing that the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" to prevail on a due process challenge). Cruz-Bravo's contention that the IJ violated due process by denying his continuance request is equally unpersuasive as he is unable to demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring a showing of substantial prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**